|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, )
　　　　　　　　　　　　　　　)　　No.C-05-3792-SC
　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　)　　**ORDER TO SHOW CAUSE RE**
　　　　　　　　　　　　　　　)　　**ENFORCEMENT OF IRS**
JOHN C. COHAN, aka Christopher )　　**SUMMONSES**
Cohan,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　)
　　　　　　　　　　　　　　　)

　　　　Upon consideration of the United States' Petition to Enforce Internal Revenue Service Summonses, Memorandum in support thereof, and Declaration of Revenue Agent Michele Peirano in support thereof, the Court finds that the United States has established a *prima facie* case under *United States v. Powell*, 379 U.S. 48, 58 (1964) for enforcement of the Internal Revenue Service summonses at issue. Accordingly, IT IS HEREBY ORDERED that respondent, John C. Cohan, also known as Christopher Cohan, appear before the undersigned United States District Judge, in **Courtroom No. 1**, 450 Golden Gate Avenue, San Francisco, California 94102, on **December 2, 2005 (approximately 60 days after the entry of this Order)**, at **10:00 a.m.**, to show cause why he should not be compelled to obey the four Internal Revenue Service summonses served upon him.

///

SHOW-CAUSE ORDER RE
ENFORCEMENT OF IRS SUMMONS　　　　　- 1 -

Dockets.Justia.com

It is further ORDERED that:

1. A copy of this Order, together with the Petition to Enforce Internal Revenue Service Summonses and the Declaration of Michele Peirano, shall be served in accordance with Fed. R. Civ. P. 4 upon respondent within **14** days of the date that this Order is entered or as soon thereafter as possible.

2. Since the file in this case reflects a *prima facie* showing that the IRS investigation is being conducted for a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Internal Revenue Code have been followed, *see United States v. Powell*, 379 U.S. 48, 57-58 (1964), the burden of coming forward has shifted to respondent to oppose enforcement of the summonses.

3. If respondent has any defense to present or opposition to the petition, such defense or opposition shall be made in writing, filed with the Clerk and served on counsel for the United States, at least **21** days prior to the date set for the show-cause hearing. The United States may file a reply memorandum to any opposition at least **5** court days prior to the date set for the show-cause hearing.

4. At the show-cause hearing, the Court will consider all issues raised by respondent. Only those issues brought into controversy by the responsive pleadings and supported by an affidavit or declaration will be considered. Any uncontested allegation in the petition will be considered admitted.

5. Respondent may notify the Court, in a writing filed with the Clerk and served on counsel for the United States at least **21** days prior to the date set for the show-cause hearing, that respondent has no objection to enforcement of the summonses. Respondent's appearance at the hearing will then be excused.

DATED: September 23, 2005

_____
Judge of the District Court

SHOW-CAUSE ORDER RE
ENFORCEMENT OF IRS SUMMONS        - 2 -

1  Presented by:

2

3  _____
   W. CARL HANKLA
   Trial Attorney, Tax Division
4  U.S. Department of Justice
   P.O. Box 683, Ben Franklin Station
5  Washington, D.C.  20044
   Telephone:(202) 307-6448
6  Fax: (202) 307-0054
   E-mail: w.carl.hankla@usdoj.gov

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  SHOW-CAUSE ORDER RE
    ENFORCEMENT OF IRS SUMMONS           - 3 -